# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:12-cv-00720 LJO GSA |
| Petitioner, | ) ) | **ORDER DISCHARGING ORDER TO** |
| v. | ) ) | **SHOW CAUSE (Doc. 4)** |
| DANA T. KAHLER, | ) ) | **FINDINGS AND RECOMMENDATIONS REGARDING PETITION TO ENFORCE IRS SUMMONS (Doc. 1)** |
| Respondent. | ) ) | |

Petitioner is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to Title 28 of the United States Code section 636(b) and Local Rules 302 and 303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS) to Respondent.

The petition came on regularly for hearing on July 20, 2012, at 9:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. Yoshinori H. T. Himel appeared on behalf of Petitioner; Respondent Dana T. Kahler appeared on his own behalf.

The Court has reviewed the petition and all supporting papers. No opposition was filed by Respondent. The matter was submitted to the Court for the preparation of findings and recommendations.

1

*Discharging Order to Show Cause*

Respondent having appeared pursuant to the order to show cause, it IS ORDERED that the order to show cause BE DISCHARGED.

*Petition to Enforce IRS Summons*

**A.     Background**

Revenue Officer David M. Lopez is a duly commissioned revenue officer employed by the IRS, and is authorized to issue the IRS summons pursuant to Title 26 of the United States Code section 7602; he did so in the course of conducting an investigation of the tax liabilities of Respondent Dana T. Kahler for the tax years ending December 31, 2003 through December 31, 2007.  As of January 6, 2012, the balance of delinquent taxes was $960,122.  Lopez believes Respondent has knowledge that could aid in carrying out the investigation.  Lopez issued an IRS summons on September 6, 2011, directing Respondent to appear before him on September 29, 2011, to provide testimony and documents relating to the investigation.  (Doc. 1, ¶¶ 2-6.)  Lopez left an attested copy of the summons at Respondent's usual place of abode on September 7, 2011.  (*Id*. ¶ 7.)  Respondent did not appear on September 29, 2011, nor otherwise respond to the summons.  (*Id*. ¶ 8.)

An order to show cause was issued by this Court on May 7, 2012, and was served on Respondent on June 4, 2012.  (Doc. 5.)

**B.     The Merits of the Petition**

At the hearing, the parties represented they had consulted with regard to a date upon which Respondent would appear at the IRS office in order to provide testimony.  More specifically, it was agreed that Respondent Kahler would appear on July 25, 2012, at 9:00 a.m. to provide testimony and produce documentation.  In light of the foregoing, the Court considers the merits of the petition.

The IRS is authorized to examine papers or data which may be relevant or material in determining the correctness of a tax return or the liability of any person for any internal revenue

tax. 26 U.S.C. § 7602(a)(1). It has the authority to issue summonses for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir.1999).

To defeat a motion to quash, or in order to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Crystal v. United States*, 172 F.3d at 1143-44. The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990); *Liberty Financial Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process (*Abrahams*, 905 F.2d at 1280; *Liberty Financial*, 778 F.2d at 1392), or the lack of institutional good faith (*Anaya v. United States*, 815 F.2d1373, 1377 (10th Cir. 1987)). *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The summons directed to Respondent Dana T. Kahler summoned him to appear before Revenue Officer Lopez, to give testimony, and to bring with him and to produce for examination papers and other data relating to his tax liability, collection thereof, or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws, for the calendar years ending December 31, 2003 through December 31, 2007.

Lopez declared that Respondent did not appear on September 29, 2011, and he failed to provide testimony and documents as required by the summons. Respondent's failure to comply continues, and the information sought by the summons is not already in the possession of the IRS. (Doc. 1, ¶¶ 10-11.) Further, all administrative steps required by the IRS had been undertaken. (*Id*. ¶ 12.)

Petitioner has shown that Respondent has received the required notice. Petitioner has established that the summons was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A prima facie case has been made. *United States v. Dynavac, Inc.*, 6 F.3d at 1414.

Respondent has not submitted any evidence of bad faith or improper purpose.

The Court finds that Respondent has not established any basis to deny enforcement of the IRS summons.

The Court concludes that enforcement of the summons should be ordered.

## FINDINGS AND RECOMMENDATIONS

Accordingly, it IS RECOMMENDED that:

1. Petitioner's petition to enforce the IRS summons BE GRANTED; and

2. Respondent Dana T. Kahler BE ORDERED to appear before Revenue Officer Lopez on **Wednesday, July 25, 2012, at 9:00 a.m.** at the Internal Revenue Service office at 2525 Capitol Street, in Fresno, California, 93721, to provide testimony, and to bring with him and produce for examination any documents in obedience to the summons that issued on September 7, 2011.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within three (3) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.[1] Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

---

[1] The parties agreed on the record during the proceedings held July 20, 2012, before the undersigned, that they were amenable to a very brief objection period, although it is not anticipated any objection will be filed.

Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 20, 2012**                           /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE